## BLAIR and others *v.* CHICAGO & PACIFIC R. Co.

*(Circuit Court, N. D. Illinois.    July 7, 1882.)*

REDEMPTION FROM FORECLOSURE SALE—CLERK'S COMMISSIONS.

The rule of the federal court requiring a party redeeming real estate, which has been sold under a foreclosure decree, to pay 1 per cent. commissions to the clerk, on the amount paid into court for the redemption of the property, in addition to the amount, with the prescribed interest thereon, going to the purchaser, is in accordance with section 828 of Revised Statutes, and is not in derogation of the right of redemption given by the state law. The right of redemption given by the state law must be permitted in the federal court, subject to the act of congress fixing the amount to be paid to the clerk on all moneys received, kept, and paid out by him in pursuance of any statute or under any order of court.

*Larned & Larned,* for complainant.

HARLAN, Justice. This court, some time back, adopted, and entered of record, rules in regard to the redemption of property from sales under decrees in chancery. One of these rules is in these words:

"Any defendant in the suit in which such decree is entered, his heirs, administrators, or assigns, or any person interested through or under the defendant in the premises so sold, may within 12 months from said sale redeem the real estate so sold by paying to the purchaser thereof, his heirs, executors, or assigns, or to the clerk of the court for the benefit of such purchaser, his executor, administrators, or assigns, the sum of money for which said premises were sold or bid off, with interest at the rate of 10 per cent. per annum from the date of such sale; and in case such redemption is made by payment of the money to the clerk, the person so redeeming shall also pay an additional sum of 1 per cent. on the amount so paid in, as the clerk's fee for receiving and disbursing said redemption money; and the clerk, on receiving said redemption money, shall at once deposit the same in the registry of the court."

A similar rule exists when the redemption is made by a creditor of the defendant who may be entitled under the law to redeem.

The property of the defendant was sold under deed of foreclosure for $916,100. The purchasers of the property refusing to accept the redemption money, the railroad company was required to pay and did pay to the clerk of this court $1,012,392.85, being the amount of the sale, with 10 per cent. interest from the date of sale, as required by the local statute, and 1 per cent. on the purchase money and interest, as required by the before-mentioned rule. Subsequently, and after the expiration of several days, the clerk, under the order of the court, paid out of the fund to the purchasers of the property $1,002,369.19, being the purchase money and interest, leaving in court, of the fund, the sum of $10,023.66.

The company now presents its petition asking that tne balance of the fund in court, $10,023.66, be paid over to it.

*Held,* the petition of the company rests upon the ground that the court had no power, by rule or otherwise, to require a party exercising the right of redemption given by statute to pay anything more than the purchase money, with the prescribed interest thereon. But in this view the court does not concur.

The statutes of the United States provide that "for receiving, keeping, and paying out money in pursuance of any statute or order of court there shall be paid to the clerk 1 per cent. of the amount so received, kept, and paid." Rev. St. 828; 10 St. at Large, 163–167.

The rules in question were made with reference to the decision of the supreme court of the United States in *Brine* v. *Ins. Co.*, which, reversing the long-established practice in this court, ruled that the right of redemption given by the statutes of Illinois constituted a rule of property to be respected alike in the federal and state courts in cases of decretal sales. The law of the state prescribed the mode in which redemption might be effected, and it was deemed necessary that this court should make rules upon the subject in conformity as near as might be with the rules governing the courts of the state. The rules in question were doubtless also made with reference to the statutes of the United States fixing 1 per centum as the amount to be paid to the clerk on money received, kept, and paid out by him in pursuance of a statute or an order of court. And that statute, it may be observed, giving this 1 per centum, is to be construed in connection with other provisions which require the clerk to report to the attorney general semi-annually all fees and emoluments of any kind by him received, and which limit the amount to be retained by him for his personal compensation in any one year to the sum of $3,500. All above that sum is to be accounted for by him to the United States. It is not perceived why, upon money paid to the clerk of the court for the purpose of redeeming property sold, and by him kept and paid out, the statutory commission of 1 per cent. shall not be allowed as well as upon other moneys received, kept, and paid out by him under order of court. This case seems to be embraced by the language of the statute, and the rule of court is only in furtherance of the objects intended to be accomplished by it. The amount so paid to the clerk by the party redeeming may be regarded not only as a part of the costs of the litigation to be paid by the losing party, but also as part of the necessary costs and expenses incurred in carrying on the business of the court, and is to be accounted for to the government.

That, the right to redeem is a statutory right given by the state does not affect the question. The purchaser of the property could not be required to pay the commissions of the clerk, since, under the statute, he was not obliged to surrender the property and the benefit of his purchase unless he received the full amount of his bid and interest thereon. The only mode, therefore, to obtain the per cent. which the statute in express words allows on all moneys received, kept, and paid out by the clerk was to require payment thereof by the losing party—that is, the party redeeming.

In brief, the duty of the court to allow the redemption given by the state law must be discharged, subject to the provision of the act of congress fixing the amount to be paid to the clerk on all moneys received, kept, and paid out by him under order of court.

The petition is denied.